UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FISHING CO. OF ALASKA, INC.,<br>200 West Thomas, Suite 440<br>Seattle, Washington 98119<br><br>    Plaintiff,<br><br>    v.<br><br>THE HONORABLE CARLOS GUTIERREZ,<br>in his official capacity as Secretary of Commerce,<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230<br><br>    Defendant. | Civil No. 1:07-cv-1854-HHK<br><br>***Expedited Action Requested*** |

## FEDERAL DEFENDANT'S UNOPPOSED MOTION TO TRANSFER

Federal Defendant hereby moves to transfer venue in this case to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1404(a). Jurisdiction and venue are proper in the Western District of Washington, where an earlier-filed case challenging the same regulation now before this Court is pending. Immediate action is needed given the deadlines set forth in the Magnuson-Stevens Fishery Conservation and Management Act for judicial review of regulations promulgated under the Act. See 16 U.S.C. § 1855(f). As explained in the memorandum of points and authorities filed herewith, the interests of justice, the parties, and this Court support prompt transfer of this case.

Pursuant to local civil rule 7(m), counsel for Defendant contacted counsel for Plaintiff, who stated that Plaintiff does not oppose this motion.

Dated: November 28, 2007    Respectfully submitted,

                 RONALD J. TENPAS
                 Acting Assistant Attorney General
                 Environment & Natural Resources Division

        JEAN WILLIAMS, Chief
        LISA L. RUSSELL, Assistant Chief

          /s/ Meredith L. Flax
        MEREDITH L. FLAX, Trial Attorney
        D.C. Bar No. 468016
        U.S. Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0404
        Facsimile: (202) 305-0275
        meredith.flax@usdoj.gov

        Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE FISHING CO. OF ALASKA, INC.,<br>200 West Thomas, Suite 440<br>Seattle, Washington 98119 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil No. 1:07-cv-1854-HHK |
| THE HONORABLE CARLOS GUTIERREZ,<br>in his official capacity as Secretary of Commerce,<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230 | )<br>)<br>)<br>)<br>) | *Expedited Action Requested* |
| Defendant. | )<br>)<br>) | |

**MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANT'S
UNOPPOSED MOTION TO TRANSFER**

**INTRODUCTION**

Plaintiff has agreed not to oppose transfer of this action to the U.S. District Court for the Western District of Washington to allow for consolidation of this action with an earlier-filed action there, because both actions are challenging Amendment 80 to the Fishery Management Plan for the Bering Sea and Aleutian Islands Management Area ("BSAI"). The Court should grant the transfer for at least six reasons: (1) this action could have been brought in the Western District of Washington; (2) both suits stem from the same complex set of facts, with overlapping administrative records and legal issues; (3) transfer serves the purposes of judicial efficiency and economy; (4) the issues are more locally related to Seattle, Washington than to Washington, D.C.; (5) the interests of the parties do not dictate against transfer; and (6) transfer avoids prejudice to the Federal Defendant, who must otherwise defend lawsuits challenging the same

rule in two locations, which could lead to different results in different jurisdictions.

Given the shortened timeframes under the operative statute, see 16 U.S.C. § 1855(f), Federal Defendant respectfully requests that this Court expedite resolution of this motion in a manner consistent with Local Rule 7.1(E).

## STANDARD OF REVIEW

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Section 1404(a) reflects a desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). As the Supreme Court has recognized, the purpose of the section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." Cont'l Grain Co. v. Barge F.B.L., 364 U.S. 19, 26, 27 (1960). In a recent case discussing the analysis of venue issues, the U.S. District Court for the District of Columbia explained:

> Courts balance a number of private and public interest factors, including (1) plaintiff's forum choice; (2) defendant's forum choice; (3) whether the claim arose elsewhere; (4) convenience of the parties; (5) convenience of the witnesses; (6) ease of access to the proof; (7) transferee's competence; (8) congestion of both courts; and (9) local interest in deciding local controversies at home.

Southern Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86 (D.D.C. 2004).

To support a motion to transfer venue, the moving party must demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in its favor. Id. The party moving to transfer venue bears a heavy burden to establish that plaintiffs' choice of

forum is inappropriate. Id. Courts engage in a case-by-case consideration of these matters. Id.

**ARGUMENT**

**I.       This action could have been brought in the Western District of Washington.**

The "threshold consideration" for a transfer under section 1404(a) is whether the action "might have been brought" in the transferee district. See, e.g., Van Dusen, 376 U.S. at 616-17. Thus, the transferee district must have jurisdiction over the case. Hoffman v. Blaski, 363 U.S. 335, 343 (1960).

Here, because Plaintiff has based its claims on federal question jurisdiction, Amended Complaint (Doc. No. 12) ¶ 12, both this District and the Western District of Washington properly have jurisdiction over these claims. As such, the relevant question is whether venue is proper in the transferee district. Under section 1391(e), venue is proper in the judicial district where (1) "a defendant in the action resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)-(3). Under these provisions, it is clear that "there may be more than one district in which a claim may be thought to have arisen and in which venue should be proper." 14D Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3802.1 at 4, 6-7 n.9 (3d ed. 2007).

Venue is appropriate in the Western District of Washington, at a minimum, under the third provision of section 1391(e) because Plaintiff resides in the Western District of Washington. Because venue may be maintained in the forum to which transfer is sought, this threshold requirement is satisfied.

**II.     The cases stem from identical facts and legal issues.**

The interests of justice weigh in favor of transferring this case to the federal court in the Western District of Washington where there is a related case involving common issues of fact growing out of the same event or transaction.  See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989) ("interest of justice," for the purposes of section 1404(a), includes such concerns as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case."); Biochem Pharma, Inc. v. Emory Univ., 148 F. Supp. 2d 11, 13 (D.D.C. 2001) (holding that "[c]onsolidation is appropriate where, as here, the two cases each involve review of the same underlying decision").  Both Plaintiff in the instant case and the plaintiffs in the Western District of Washington challenge Amendment 80 to the BSAI Fishery Management Plan.  While the Western District of Washington case also challenges Amendment 85 to the same Plan, the cases factually overlap.  Federal Defendant further notes that both cases require production of the identical administrative record for Amendment 80 since review of whether an action under the Magnuson-Stevens Fishery Conservation and Management Act is arbitrary, capricious, or otherwise not in accordance with law, pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, is based upon review of the administrative record.  See 16 U.S.C. § 1855(f)(1), (2).

In addition to having the same factual basis, the two sets of plaintiffs present identical and overlapping legal issues.  Put simply, all plaintiffs allege that the National Marine Fisheries Service's ("NMFS") inclusion of hard caps for Pacific cod for cooperatives in the non-American Fisheries Act trawl catcher/processor sector in Amendment 80 is arbitrary and capricious.

4

**III.    Principles of judicial economy support a transfer.**

Coordination of these related cases involving the same regulation will serve judicial and party economy by ensuring an efficient resolution that will avoid unnecessary expense and duplication of effort. Cont'l Grain, 364 U.S. at 26 ("[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); see also Farbenfabriken Bayer A.G. v. Nat'l Distillers & Chem. Corp., 324 F. Supp. 156, 158 (S.D.N.Y. 1971) ("It is a simple truism that where various litigations present the same or substantially related issues, '(a) single trial will avoid duplication of judicial time and effort and likewise conserve the time of the parties, witnesses and counsel, and eliminate additional expense incident to several trials.'" (citation omitted)); SEC v. First Nat'l Fin. Corp., 392 F. Supp. 239, 241 (N.D. Ill. 1975) (holding that "[a]s a general proposition, cases should be transferred to districts where related actions are pending" (citation omitted)).

Transferring this case will clearly serve the interests of judicial economy for at least five reasons. First, only one court will have to familiarize itself with the extensive administrative record and develop an understanding of the lengthy administrative process and the various statutory mandates at issue. Second, coordinated proceedings will avoid the possibility of conflicting orders and will ensure that all parties' claims are heard in an orderly fashion so that each party is assured that its claims will receive due consideration. Third, the timing of the pleadings favor a transfer to the Western District of Washington as that case was filed prior to the complaint filed here. See Biochem Pharma, 148 F. Supp. 2d at 13 ("When lawsuits involving the same controversy are filed in more than one jurisdiction, the general rule is that the

court that first acquired jurisdiction has priority."); see also Employees Sav. Plan v. Vickery, 99 F.R.D. 138, 142-144 (S.D.N.Y. 1983) (in determining which of two actions should proceed, the court suggested dispositive weight should be given to whether an amended complaint would "relate back" under Federal Rule of Civil Procedure 15(c)).  Fourth, transferring this action will also serve the public interest by avoiding costs associated with unnecessary duplication of effort.  Fifth, because Defendant has yet to file answers or the administrative record and the parties have not yet set a summary judgment briefing schedule, this is an appropriate time to transfer the case.  Clearly, the interests of justice would be served by transferring this case to the Western District of Washington.

**IV.     Seattle, Washington, not Washington, D.C., has a localized interest in this controversy.**

Federal Defendant also notes that this is not a case involving a controversy local to Washington, D.C. that should be decided here.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) superceded by statute on other grounds, as stated in In re Air Crash Over Taiwan Straights on May 25, 2002, 331 F. Supp. 2d 1176, 1180-1181 (C.D. Cal. 2004).  Rather, the BSAI is located in Alaska and many of the vessels that fish in the BSAI, including plaintiffs in both cases, are kept in Seattle, Washington.  Deference to a plaintiff's choice of forum is lessened when the forum choice lacks meaningful ties to the controversy and has no particular interest in the parties or subject matter.  S. Utah Wilderness Alliance, 315 F. Supp. 2d at 86-87, citing  Islamic Republic of Iran v. Boeing Co., 477 F. Supp. 142, 144 (D.D.C. 1979).  Given the lack of ties to the District of Columbia, and the existing ties to the State of Washington, an order transferring this case to Seattle, Washington is appropriate.

**V.      Transfer of this case presents limited inconvenience, if any.**

There is little or no reason why the District of Columbia is more convenient than the Western District of Washington. While attorneys for Plaintiff and Defendant are located in Washington, D.C., this factor is not appropriate for consideration on a motion to transfer. Solomon v. Continental American Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973). In any case, both Plaintiff, and the plaintiffs in the existing case in the Western District of Washington reside in Seattle, Washington. Moreover, the parties recognize that there is unlikely to be any discovery or trial in this case seeking judicial review of agency action on the agency's administrative record, since challenges of administrative actions, pursuant to APA review, are resolved by cross-motions for summary judgment. See Occidental En'g Co. v. INS, 753 F.2d 766, 769-70 (9th Cir. 1985). For these same reasons, the convenience of witnesses is not a relevant consideration. Consequently, the interests of the parties do not dictate against transfer to the Western District of Washington.

**VI.     Transfer avoids prejudice to the Federal Defendant.**

As stated above, one factor that has been frequently mentioned by courts and has been given substantial weight regarding transfer of venue is the desire to avoid multiple litigations over the same transaction or event. Cont'l Grain, 364 U.S. at 26; see also DataTreasury Corp. v. First Data Corp., 243 F. Supp. 2d. 591, 593-94 (N.D. Tex. 2003) ("Since Continental Grain, a number of courts, including the Fifth Circuit, have held that the existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer."). In this case, there is no question that inconsistent decisions on the issue of the reasonableness of hard caps under Amendment 80 would be harmful to Defendant. If the two courts reached opposite conclusions

7

on whether the challenged rule violates the Magnuson Act, the rule would be considered valid in one jurisdiction and not in the other and NMFS would face a conundrum as to how to proceed.

In sum, there is no question that the possibility of conflicting decisions on the challenged regulation would be a hardship for Defendant and would be contrary to the interests of justice. Accordingly, this factor strongly militates in favor of transferring this case to the Western District of Washington.

## **CONCLUSION**

All of the factors relevant to the consideration of transfer under 28 U.S.C. § 1404(a) support the transfer of this action to the U.S. District Court for the Western District of Washington. This action could have been brought in the Western District of Washington. The interests of justice strongly favor transfer. Moreover, transfer of this case to the Western District of Washington, for consolidation with a case containing an identical challenge to the same rule, is appropriate. Lastly, Plaintiff does not oppose transfer.

For all the forgoing reasons, Federal Defendant respectfully requests that the Court promptly transfer this matter to the United States District Court for the Western District of Washington.

Dated: November 28, 2007        Respectfully submitted,

                                RONALD J. TENPAS
                                Acting Assistant Attorney General
                                Environment & Natural Resources Division
                                JEAN WILLIAMS, Chief
                                LISA L. RUSSELL, Assistant Chief


                                     /s/ Meredith L. Flax
                                MEREDITH L. FLAX, Trial Attorney
                                D.C. Bar No. 468016

8

U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0404
Facsimile: (202) 305-0275
meredith.flax@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FISHING CO. OF ALASKA, INC.,<br>200 West Thomas, Suite 440<br>Seattle, Washington 98119<br><br>    Plaintiff,<br><br>  v.<br><br>THE HONORABLE CARLOS GUTIERREZ,<br>in his official capacity as Secretary of Commerce,<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230<br><br>    Defendant. | Civil No. 1:07-cv-1854-HHK |

[PROPOSED] ORDER

Pending before this Court is Federal Defendant's Unopposed Motion to Transfer. The Court, having considered the materials submitted in support and being otherwise fully advised FINDS AND ORDERS as follows:

The interests of justice and of the parties are best served by transfer of this case to the United States District Court for the Western District of Washington, for consolidation with the case styled Fisherman's Finest, et al. v. Gutierrez, 07-cv-1574-MJP. Accordingly, it is hereby

ORDERED that Defendant's Unopposed Motion to Transfer is GRANTED; and

that the above-captioned matter is transferred to the U.S. District Court for the Western District of Washington.

IT IS SO ORDERED,

Dated this ___ day of November, 2007

                             _____
                             Henry H. Kennedy
                             UNITED STATES DISTRICT JUDGE