UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE FISHING CO. OF ALASKA, INC., | ) | |
| 200 West Thomas, Suite 440 | ) | |
| Seattle, Washington 98119 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-cv-1854-HHK |
| | ) | |
| THE HONORABLE CARLOS GUTIERREZ, | ) | |
| in his official capacity as Secretary of Commerce, | ) | |
| 1401 Constitution Avenue, N.W. | ) | |
| Washington, D.C. 20230 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FEDERAL DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PETITION
FOR REVIEW OF RULEMAKING**

Federal Defendant, Carlos M. Gutierrez, Secretary of Commerce ("Secretary"), in his

official capacity, by and through counsel, hereby answers Plaintiff's First Amended Complaint

by responding to the corresponding numbered paragraphs of the First Amended Complaint as

follows:

1.      In response to the allegations in the paragraph 1, Defendant admits that the

National Marine Fisheries Service ("NMFS") issued a final rule entitled "Fisheries of the

Exclusive Economic Zone Off Alaska; Allocating Bering Sea/Aleutian Islands Fishery

Resources; American Fisheries Act Sideboards" on September 14, 2007, which can be found at

72 Fed. Reg. 52668.  The remaining allegations in paragraph 1 characterize the nature of

Plaintiff's First Amended Complaint, which speaks for itself and is the best evidence of its

contents.

2.      The allegations in paragraph 2 purport to characterize Amendment 80 to the

Fishery Management Plan ("FMP") for the Bering Sea and Aleutian Islands Management Area

("BSAI") which speaks for itself and is the best evidence of its content. Any allegations in

paragraph 2 that are contrary to the plain language and intent of Amendment 80 are denied

3.      The allegations in paragraph 3 purport to characterize Amendment 80 which

speaks for itself and is the best evidence of its content. Any allegations in paragraph 3 that are

contrary to the plain language and intent of Amendment 80 are denied.

4.      The allegations in paragraph 4 are conclusions of law to which no response is

required. To the extent a response is required, the allegations in paragraph 4 are denied.

5.      In response to the allegations in paragraph 5, Defendant admits that Amendment

80 was promulgated by NMFS pursuant to the Magnuson Stevens Fishery Conservation and

Management Act, 16 U.S.C. §§ 1801-1884 ("Magnuson-Stevens Act"). Footnote 1 to paragraph

5 purports to characterize the Magnuson-Stevens Fishery Conservation and Management

Reauthorization Act of 2006 ("Magnuson-Stevens Reauthorization Act") which speaks for itself

and is the best evidence of its content. Any allegations in footnote 1 to paragraph 5 that are

contrary to the plain language and intent of the Magnuson-Stevens Reauthorization Act are

denied. The remaining allegations in paragraph 5 are conclusions of law to which no response is

required. To the extent that a response is required, the remaining allegations in paragraph 5 are

denied.

6.      Defendant is without information and knowledge sufficient to form a belief as to

the allegations in the third sentence of paragraph 6 concerning Plaintiff's definition of and

inability to harvest its "full allocation of fish" under Amendment 80 and therefore denies them.

The remaining allegations in paragraph 6 are conclusions of law to which no response is

required.  To the extent that a response is required, the remaining allegations in paragraph 6 are denied.

7.      The allegations in paragraph 7 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 7 are denied.

8.      The allegations in paragraph 8 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 8 are denied. Defendant is also without information and knowledge sufficient to form an opinion as to the truth of the allegations that Plaintiff Fishing Company of Alaska ("FCA") is harmed by Amendment 80 and therefore denies them.

9.      Defendant avers that representatives for FCA have participated in North Pacific Fishery Management Council ("Council") meetings and have commented orally and in writing to the Council and the NMFS on matters generally relating to the management of the BSAI groundfish fishery and specifically on the development of Amendment 80.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies them.

10.     Defendant admits the allegations in the first and third sentences of paragraph 10. As for the second sentence of paragraph 10, Defendant avers that the Secretary has delegated his responsibility to manage fisheries to the Administrator of the National Oceanic and Atmospheric Administration ("NOAA"), a departmental office within the Department of Commerce, who has in turn delegated that responsibility to the Assistant Administrator for Fisheries, NMFS, an operating branch within NOAA.  The remaining allegations in the second sentence of paragraph 10 are conclusions of law to which no response is required.  To the extent that a response is

required, the remaining allegations in paragraph 10 are denied.

11-13.  The allegations in paragraphs 11 through 13 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraphs 11-13 are denied.

14.    The allegations in the first sentence of paragraph 14 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in the first sentence of paragraph 14 are denied.  Defendant admits the allegations in the second sentence of paragraph 14.

15.    Defendant avers that the records on file with the NMFS Alaska Region office show that Plaintiff FCA and its subsidiaries own and/or operate at least 6 catcher/processor trawl vessels that participate in the BSAI groundfish fishery:  the F/V ALASKA JURIS, the F/V ALASKA RANGER, the F/V ALASKA SPIRIT, the F/V ALASKA VOYAGER, the F/V ALASKA VICTORY, and the F/V ALASKA WARRIOR.  Defendant is without information and knowledge sufficient to form an opinion as to the truth of the remaining allegations in paragraph 15 and therefore denies them.

16.    Defendant avers that the definition for "groundfish" is found at 50 C.F.R. § 679.2, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the regulatory definition of "groundfish" at 50 C.F.R. § 679.2 are denied.  Defendant also avers that Plaintiff operates catcher processor vessels in the BSAI groundfish fishery that use trawl gear.  Defendant denies any remaining allegations in paragraph 16.

17.    Defendant avers that the BSAI FMP governs fishing for many different species of

fish which inhabit diverse areas of the BSAI management area.  Defendant also avers that Plaintiff harvests and processes BSAI groundfish using trawl gear, a potentially non-selective gear type that can harvest multiple species at the same time.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.     Defendant avers that no groundfish species in the BSAI groundfish fishery is subject to overfishing or is overfished, within the meaning of the Magnuson-Stevens Act, 16 U.S.C. §§ 1851, 1854.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 18, and therefore denies them.  The allegations in the second sentence of paragraph 18 purport to characterize the BSAI FMP and its implementing regulations at 50 C.F.R. part 679, which speak for themselves and are the best evidence of its contents.  Any allegations contrary to the plain language and intent of the regulations are denied.

19.     Defendant avers that the lengths of the vessels owned and/or operated by FCA and its subsidiaries exceed 200 feet in length overall.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore denies them.

20.     Defendant avers that FCA's vessels catch several species of BSAI groundfish but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies them.

21.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22.    Defendant admits the allegations in the first sentence of paragraph 22.  Defendant avers that non-American Fisheries Act ("AFA") trawl catcher processor vessels, also referred to as "Head & Gut" or "H&G" boats or vessels, primarily produce headed and gutted fish products from BSAI groundfish species.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22, and therefore denies them.

23.    Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in paragraph 23, and on that basis denies them.

24.    Defendant avers that H&G catcher processors are also referred to as non-AFA trawl catcher processor vessels.  Defendant denies the remaining allegations in the first sentence of paragraph 24.  The allegations in the second sentence of paragraph 24 purport to characterize the AFA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the AFA are denied.

25.    Defendant avers that vessels in the AFA catcher processor sector produce surimi and fillet products from the pollock fishery and are typically the largest vessels in the catcher processor category.  Defendant is without information and knowledge sufficient to form an opinion on the remaining allegations in paragraph 25 and therefore denies them.

26.    Defendant avers that catcher vessels operate in the BSAI groundfish fishery and that catcher vessels deliver their catch to shoreside processors, stationary floating processors, or at-sea processors, either catcher processors or motherships.  Defendant also avers that catcher vessels eligible to participate in the BSAI directed pollock fishery under the regulations that implement the AFA are commonly referred to as "AFA catcher vessels" whereas those catcher

vessels not eligible to participate in the BSAI directed pollock fishery are commonly referred to as "non-AFA catcher vessels." Defendant further avers that catcher vessels and catcher processor vessels eligible to participate in the BSAI directed pollock fishery under the regulations that implement the AFA are commonly referred to as the "AFA sector." Defendant avers that the regulations implementing Amendment 80 at 50 C.F.R. 679.2 define the "BSAI trawl limited access sector" as vessels that comprise the AFA sector and non-AFA catcher vessels. To the extent a further response is required, Defendant denies the remaining allegations as being too general to apply to all processors receiving fish from catcher vessels.

27.    Defendant avers that the information available via the United States Coast Guard Vessel Documentation Center lists the homeport of the vessels owned and/or operated by FCA and its subsidiaries as Seattle, Washington. Defendant further avers that the records on file with the NMFS Alaska Region office list 200 West Thomas, Suite 440, Seattle, Washington, as the permanent business mailing address for FCA and its subsidiaries. Defendant is without information and knowledge sufficient to form an opinion as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, and therefore denies them.

29.    The allegations in paragraph 29 purport to characterize Alaska State law, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of Alaska State law are denied.

30.    The allegations in paragraph 30 purport to characterize the Magnuson-Stevens Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to

the plain language and meaning of the Magnuson-Stevens Act are denied.

31.     The allegations in paragraph 31 purport to characterize the Magnuson-Stevens Act, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the MSA are denied.

32.     Defendant admits the allegations in paragraph 32.

33.     Defendant avers that the Council submitted Amendment 80 and proposed regulations to the Secretary in April 2007, and that the Secretary approved Amendment 80 on July 26, 2007, and issued a final rule implementing Amendment 80 on September 14, 2007 (72 Fed. Reg. 52668).  Defendant denies the remaining allegations in paragraph 33.

34.     The allegations in paragraph 34 purport to characterize the final rule to implement Amendment 80, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the final rule to implement Amendment 80 are denied.

35.     The allegations in paragraph 35 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.

36.     The allegations in the first sentence of paragraph 36 purport to characterize section 219 of the Consolidated Appropriations Act, 2005, P.L. 108-447, 118 Stat. 2809, 2886 (Dec. 8, 2004), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the Consolidated Appropriations Act are denied. The allegations in the second sentence of paragraph 36 purport to characterize Amendment 80

and the final rule to implement Amendment 80, which speak for themselves and which are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and the final rule to implement Amendment 80 are denied. The allegations in the third sentence of paragraph 36 is a conclusion of law to which no response is required. To the extent that a response is required, the allegations in the third sentence of paragraph 36 are denied.

37.     The allegations in paragraph 37 are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 37 are denied.

38.      The allegations in paragraph 38 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.

39.     The allegations in paragraph 39 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.

40.     The allegations in paragraph 40 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.

41.     The allegations in paragraph 41 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their

contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.

42. The allegations in paragraph 42 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.

43. The allegations in paragraph 43 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.

44. The allegations in the first sentence of paragraph 44 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied. Defendant avers that the intent of cooperatives, among other things, is to increase the efficient use of fishing capital, including the use of the most efficient vessels. Defendant is without information or knowledge sufficient to form an opinion as to the truth of the remaining allegations in paragraph 44 and therefore denies them.

45. The allegations in the first sentence of paragraph 45 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied. Defendant avers that regulations

implementing Amendment 80 calculate the groundfish retention standard for an Amendment 80 cooperative based on the aggregate groundfish retention of all Amendment 80 vessels in that cooperative.  Defendant further avers that the assignment of cooperative quota and halibut and crab prohibited species catch ("PSC") to an Amendment 80 cooperative provides an exclusive harvest privilege for that cooperative that should assist the Amendment 80 cooperative in lowering bycatch.  Defendant denies the remaining allegations in paragraph 45.

46.    Defendant avers that the regulations implementing Amendment 80 direct NMFS to allocate among Amendment 80 cooperatives initial total allowable catch ("ITAC") of Amendment 80 species or PSC assigned to the BSAI trawl limited access sector if NMFS projects that portions of allocations of Amendment 80 species or PSC to the BSAI trawl limited access sector will go unharvested.  Defendant denies any remaining allegations in paragraph 46.

47.    The allegations in the first, second, and third sentences of paragraph 47 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied.  Defendant avers that NMFS will allocate a portion of the Amendment 80 species ITACs and PSC to the Amendment 80 limited access sector after an amount of ITAC and PSC has been assigned to any Amendment 80 cooperatives as cooperative quota.  Defendant further avers that participants in the Amendment 80 limited access sector do not receive an exclusive harvest privilege as is the case for Amendment 80 cooperatives.  Defendant avers that participants in the Amendment 80 limited access sector will compete with each other for the Amendment 80 limited access sector allocations, and NMFS will manage the sector through opening and closing directed fisheries for

Amendment 80 species to ensure that the allocations are not exceeded. Defendant denies the remaining allegations in paragraph 47.

48.     Defendant avers that the Amendment 80 regulations contain provisions that provide incentives to the Amendment 80 sector to form cooperatives, such as allocating amounts of groundfish and PSC allocations that are projected by NMFS to be unharvested by the BSAI trawl limited access sector to Amendment 80 cooperatives. Defendant further avers that certain benefits derived from cooperative fishing, such as the ability to pace one's harvest to minimize bycatch, can be achieved in the Amendment 80 limited access sector if only one company is in the Amendment 80 limited access sector or if the participants in that sector voluntarily choose to collaborate amongst themselves to achieve those benefits. Defendant denies the remaining allegations in paragraph 48.

49.     The allegations in the first sentence of paragraph 49 purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its implementing regulations are denied. Defendant avers that regulations at 50 C.F.R. Part 679 and 50 C.F.R. Part 300 prohibit the retention of crab and halibut, respectively, by owners and operators of vessels using trawl gear. Defendant also avers that regulations at 50 C.F.R. Part 679 establish annual limits on the maximum amount of halibut and crab mortality permitted by trawl vessels. Defendant denies the remaining allegations in paragraph 49.

50.     Defendant avers that PSC allocations are intended to limit the amount of PSC that may be caught while fishing for groundfish species and, to the extent that fishing areas are

closed to groundfish fishing when PSC allocations are met, PSC limits create a disincentive to catch PSC at rates that may prematurely close groundfish fisheries. Defendant denies the remaining allegations in the first sentence of paragraph 50. The allegations in the second and third sentences of paragraph 50 purport to characterize the regulations at 50 C.F.R. Part 679 which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the regulations are denied.

51. The allegations in the first sentence of paragraph 44 purport to characterize Amendment 80, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of Amendment 80 are denied. In response to the second sentence of paragraph 51, Defendant avers that Amendment 80 and its implementing regulations allocate PSC among the Amendment 80 and BSAI trawl limited access fishery sectors on the basis of historic use of PSC, with consideration given to other factors such as anticipated future use of PSC by the sectors and the goal of minimizing bycatch to the extent practicable. Defendant denies the remaining allegations in paragraph 51.

52. Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in the first sentence of paragraph 52 and on that basis denies them. The allegations in the second sentence of paragraph 52 purport to characterize the regulations implementing Amendment 80, which speak for themselves and are the best evidence of their content. Any allegations in the second sentence of paragraph 52 that are contrary to the plain language and intent of the regulations implementing Amendment 80 are denied. Defendant avers that an Amendment 80 cooperative receives an exclusive allocation of PSC that cannot be eroded by another cooperative or vessels in the Amendment 80 limited access sector whereas

vessels in the Amendment 80 limited access sector do not receive individual, exclusive allocations of PSC. Defendant further avers that a PSC allocation to an Amendment 80 cooperative does not ensure that the fishing operations of vessels in that cooperative will not be limited as the cooperative seeks to maintain its use of PSC within its allocation. Defendant denies the remaining allegations in paragraph 52.

53.    The allegations in the first sentence of paragraph 53 purport to characterize the Environmental Assessment/Regulatory Impact Review/Final Regulatory Flexibility Analysis ("EA/RIR/FRFA") prepared for Amendment 80, which speaks for itself and is the best evidence of its content. Any allegations in the first sentence of paragraph 53 that are contrary to the plain language and intent of the EA/RIR/FRFA are denied. Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in the second sentence of paragraph 53 and on that basis denies them.

54.    The allegations in the first and second sentences of paragraph 54 purport to characterize Table 35 to 50 C.F.R. Part 679, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of Table 35 are denied. Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in the third sentence and on that basis denies them.

55.    Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in the first and third sentences of paragraph 55 and on that basis denies them. The allegations in the second sentences purport to characterize Amendment 80 and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of Amendment 80 and its

implementing regulations are denied.

56.    The allegations in paragraph 56 purport to characterize the preamble of the final rule implementing Amendment 85, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language and intent of the final rule implementing Amendment 85 are denied.

57.    Defendant denies the allegations in paragraph 57.

58.    Defendant avers that Plaintiff's vessels are assigned to the Amendment 80 limited access sector for the 2008 fishing year. Defendant also avers that one entity has requested that one of its vessels be assigned to the Amendment 80 limited access sector and that its other vessels fish for an Amendment 80 cooperative for the 2008 fishing year. Defendant further avers that at least 16 vessels are fishing under an Amendment 80 cooperative for the 2008 fishing year. Defendant denies the remaining allegations in paragraph 58.

59.    Defendant avers that the Amendment 80 regulations require that at least three unique quota share holders (each of whom may not have a ten percent or greater direct or indirect ownership interest in any of the other Amendment 80 quota share holders) and at least nine Amendment 80 quota share permits are required to form an Amendment 80 cooperative. Defendant denies the remaining allegations in paragraph 59.

60.    The allegations in paragraph 60 are conclusions of law to which no response is required. To the extent that a response is required, the allegations in paragraph 60 are denied.

61.    To the extent the allegations in the first sentence of paragraph 61 purport to characterize Amendment 68 to the FMP for Gulf of Alaska Groundfish and its implementing regulations, Amendment 68 and its implementing regulations speak for themselves and are the

best evidence of their content. Any allegations in the first sentence of paragraph 61 that are contrary to the plain language and intent of Amendment 68 or its implementing regulations are denied. Defendant avers that FCA formed a cooperative with two of its vessels in the Central Gulf of Alaska rockfish program. Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the remaining allegations in the second sentence of paragraph 61 and therefore denies them. Defendant denies the remaining allegations in paragraph 61.

62.    Defendant is without information and knowledge sufficient to form a belief as to the allegations in the first sentence of paragraph 62 and therefore denies them. To the extent allegations in the second sentence of paragraph 62 are conclusions of law, no response is required. Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the remaining allegations in the second sentence of paragraph 62 and therefore denies them.

63.    Defendant avers that it will manage the Amendment 80 limited access sector such that the sector's catch does not exceed the amount of Amendment 80 species catch and PSC limits assigned to the sector. Defendant also avers that NMFS will close directed fishing for an Amendment 80 species in the Amendment 80 limited access sector when the sector's halibut PSC limit for that Amendment 80 species is reached. Defendant is without information and knowledge sufficient to form an opinion as to the truth of the remaining allegations in paragraph 63 and therefore denies them.

64.    Defendant avers that Amendments 85 and 80 were developed by the Council concurrently, and that the Council took final action on Amendment 85 at its April 2006 meeting and took final action on Amendment 80 at its June 2006 meeting. Defendant further avers that,

among other things, Amendment 85 allocates Pacific cod among various sectors. Defendant denies the remaining allegations in paragraph 64.

65.    The allegations in paragraph 65 purport to characterize the final rules implementing Amendments 85 and 80 which speak for themselves and are the best evidence of their content. Any allegations in paragraph 65 that are contrary to the plain language and intent of the final rules implementing Amendments 85 and 80 are denied.

66.    Defendant avers that Amendment 85 and its implementing regulations allocate 13.4% of the Pacific cod ITAC to the non-AFA trawl catcher processor sector. Defendant further avers that an Amendment 80 cooperative is prohibited from exceeding any allocation to the cooperative, including allocations of Pacific cod. Defendant avers that because Amendment 80 cooperatives receive exclusive harvesting privileges for the Amendment 80 species allocated to the cooperative, Amendment 80 cooperatives are not subject to directed fishing closures for species that are allocated to it; Amendment 80 cooperatives will either have quota to harvest or they will not. Defendant further avers that directed fishing closures will continue to apply to Amendment 80 species allocated to the Amendment 80 limited access sector. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore denies them.

67.    The allegations in paragraph 67 purport to characterize the final rule implementing Amendment 85, which speaks for itself and it the best evidence of its content. Any allegations in paragraph 67 that are contrary to the plain language and intent of the final rule implementing Amendment 85 are denied.

68.    Defendant denies the allegations in paragraph 68.

69.     Defendant avers that the formula for allocating Amendment 80 quota share for Pacific cod is based on retained catch averaged over a series of years and retained catch of Pacific cod is counted regardless of whether it was caught in a directed fishery for Pacific cod or incidentally while fishing for other species.  Defendant also avers that entities that retained Pacific cod while conducting directed fishing for Pacific cod and as incidental catch while fishing for other species will receive more Pacific cod quota share under Amendment 80 than entities that did not conduct directed fishing for Pacific cod but only retained incidental catch amounts of Pacific cod while fishing for other species.  Defendant further avers that hard cap management does not apply to allocations of Amendment 80 species to the Amendment 80 limited access sector but does apply to allocations of Amendment 80 species to Amendment 80 cooperatives.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore denies them.

70.     The allegations in paragraph 70 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 70 are denied.

71.     Defendant denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 purport to characterize 50 C.F.R. § 679.94(b)(2) and (3), which speak for themselves and are the best evidence of their content.  Any allegations in paragraph 72 that are contrary to the plain language and intent of 50 C.F.R. § 679.94(b)(2) and (3) are denied.

73.     The allegations in paragraph 73 are conclusions of law, which require no response.  To the extent that a response is required, the allegations in paragraph 73 are denied.

74.     Defendant avers that the estimated costs to industry associated with completing

the economic data report were examined and considered by NMFS in the development of

Amendment 80 and its implementing regulations.  Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74

and therefore denies them.

75.    Defendant denies the allegations in paragraph 75.

76.    Defendant denies the allegations in paragraph 76.

77.    The allegations in paragraph 77 purport to characterize the regulations

implementing Amendment 80 which speak for themselves and are the best evidence of their

content.  Any allegations in paragraph 77 that are contrary to the plain language and intent of the

regulations implementing Amendment 80 are denied.

78.    The allegations in the first sentence of paragraph 78 purport to characterize the

EA/RIR/FRFA prepared for Amendment 80 which speaks for itself and is the best evidence of its

content.  Any allegations in paragraph 78 that are contrary to the plain language and intent of the

EA/RIR/FRFA for Amendment 80 are denied.  The allegations in the second sentence of

paragraph 78 purport to characterize the Magnuson-Stevens Act which speaks for itself and is

the best evidence of its content.  Any allegations in paragraph 78 that are contrary to the plain

language and intent of the Magnuson-Stevens Act are denied.

79.    Defendant avers that the regulations implementing Amendment 80 include a

series of monitoring and enforcement requirements that the Council and NMFS determined are

necessary to implement Amendment 80 and that the costs associated with these monitoring and

enforcement requirements were examined in the analyses prepared for Amendment and

considered by the Council and NMFS in developing and adopting Amendment 80.  Defendant is

without information and knowledge sufficient to form a belief as to the truth of Plaintiff's allegations concerning specific costs incurred by Plaintiff or the onerousness of the monitoring and enforcement requirements as they apply specifically to Plaintiff and therefore denies them. Defendant denies the remaining allegations in paragraph 79.

80.    The allegations in the first sentence of paragraph 80 purport to characterize the final rule implementing Amendment 80 which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 80 that are contrary to the plain language and intent of the final rule for Amendment 80 are denied.  The allegations in the second sentence of paragraph 80 purport to characterize the EA/RIR/FRFA prepared for Amendment 80 which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 80 that are contrary to the plain language and intent of the EA/RIR/FRFA prepared for Amendment 80 are denied.

81.    The allegations in paragraph 81 purport to characterize the regulations implementing Amendment 80 and the EA/RIR/FRFA prepared for Amendment 80 which speak for themselves and are the best evidence of their content.  Any allegations in paragraph 81 that are contrary to the plain language and intent of the regulations and the EA/RIR/FRFA are denied.

82.    The allegations in paragraph 82 purport to characterize the final rule implementing Amendment 80 which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 82 that are contrary to the plain language and intent of the final rule for Amendment 80 are denied.

83.    The allegations in paragraph 83 purport to characterize the final rule implementing Amendment 80 which speaks for itself and is the best evidence of its content.  Any

allegations in paragraph 83 that are contrary to the plain language and intent of the final rule for Amendment 80 are denied.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

87. Defendant avers that the costs associated with Amendment 80, including the costs associated with the monitoring and enforcement provisions, were examined in the analysis prepared for Amendment 80. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 and therefore denies them.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 88 and therefore denies them. Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in the second sentence of paragraph 88 and on that basis denies them.

89. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 89 and therefore denies them. Defendant denies the allegations in the third sentence of paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. To the extent the allegations in paragraph 91 purport to characterize national

standard 10 of the Magnuson-Stevens Act, national standard 10 speaks for itself and is the best evidence of its content.  Any allegations in paragraph 91 that are contrary to the plain language and intent of national standard 10 are denied.  The remaining allegations in paragraph 91 are conclusions of law to which no response is required.  To the extent that a response is required, the remaining allegations in paragraph 91 are denied.

92.    Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in paragraph 92 and on that basis denies them.

93.    Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in paragraph 93 and on that basis denies them.

94.    The allegations in the first sentence of paragraph 94 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 94 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.  The allegations in the second sentence of paragraph 94 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in the second sentence of paragraph 94 are denied.

95.    The allegations in paragraph 95 purport to characterize the final rule implementing Amendment 80 which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 95 that are contrary to the plain language and intent of the final rule implementing Amendment 80 are denied.

96.    The allegations in the first sentence of paragraph 96 purport to characterize the regulations implementing Amendment 80 which speak for themselves and are the best evidence of their content.  Any allegations in the first sentence of paragraph 96 that are contrary to the

plain language and intent of the regulations implementing Amendment 80 are denied. The allegations in the second sentence of paragraph 96 are conclusions of law to which no response is required. To the extent that a response is required, the allegations in the second sentence of paragraph 96 are denied.

97.    The allegations in paragraph 97 are conclusions of law to which no response is required. To the extent that a response is required, the allegations in paragraph 97 are denied.

98.    The allegations in paragraph 98 are conclusions of law to which no response is required. To the extent that a response is required, the allegations in paragraph 98 are denied.

99.    The allegations in paragraph 99 are conclusions of law to which no response is required. To the extent that a response is required, the allegations in paragraph 99 are denied. Defendant is also without information and knowledge sufficient to form an opinion as to the truth of the allegations that FCA is harmed by Amendment 80 and therefore denies them.

100.    The responses to paragraphs 1-99 are incorporated here by reference.

101.    The allegations in paragraph 101 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content. Any allegations in paragraph 101 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

102.    The allegations in paragraph 102 purport to characterize the Administrative Procedure Act which speaks for itself and is the best evidence of its content. Any allegations in paragraph 102 that are contrary to the plain language and intent of the Administrative Procedure Act are denied.

103.    The allegations in paragraph 103 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content. Any allegations in paragraph

103 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

104.    The allegations in paragraph 104 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 104 are denied.

105.    The allegations in paragraph 105 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 105 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

106.    The allegations in paragraph 106 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 106 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

107.    The allegations in paragraph 107 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 107 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

108.    The allegations in paragraph 108 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 108 are denied. Further, to the extent the allegations in paragraph 108 purport to characterize the final rule implementing Amendment 80, the rule speaks for itself and is the best evidence of its content. Any allegations in paragraph 108 that are contrary to the plain language and intent of the final rule implementing Amendment 80 are denied.

109.    The responses to paragraphs 1-108 are incorporated here by reference.

110.    The allegations in paragraph 110 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 110 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

111.    The allegations in paragraph 111 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 111 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

112.    The allegations in the first sentence of paragraph 112 purport to characterize *Fishing Co. of Alaska, Inc. v. United States*, 195 F. Supp. 2d 1239 (W.D. Wash. 2002), which speaks for itself and is the best evidence of its content.  Any allegations in the first sentence of paragraph 112 that are contrary to the plain language and intent of the opinion issued in that case are denied.  The allegations in the second sentence of paragraph 112 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in the second sentence of paragraph 112 are denied.

113.    The allegations in paragraph 113 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 113 are denied.

114.    The responses to paragraphs 1-113 are incorporated here by reference.

115.    The allegations in paragraph 115 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 115 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

116.    The allegations in paragraph 116 are conclusions of law to which no response is required or purport to characterize the Magnuson-Stevens Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

117.    The allegations in paragraph 117 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph

117 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

118.     The allegations in paragraph 118 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 118 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

119.     The allegations in paragraph 119 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 119 are denied.

120.     The responses to paragraphs 1-119 are incorporated here by reference.

121.     The allegations in paragraph 121 purport to characterize the regulations implementing Amendment 80 which speak for themselves and are the best evidence of their content.  Any allegations in paragraph 121 that are contrary to the plain language and intent of the regulations implementing Amendment 80 are denied.

122.     The allegations in paragraph 122 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 122 are denied. Further, to the extent the allegations in paragraph 122 purport to characterize the final rule implementing Amendment 80, the rule speaks for itself and is the best evidence of its content. Any allegations in paragraph 122 that are contrary to the plain language and intent of the final rule implementing Amendment 80 are denied.

123.     The responses to paragraphs 1-122 are incorporated here by reference.

124.     The allegations in paragraph 124 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 124 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

125.     The allegations in paragraph 125 are conclusions of law to which no response is

-26-

required.  To the extent that a response is required, the allegations in paragraph 125 are denied.

126.    The responses to paragraphs 1-125 are incorporated here by reference.

127.    The allegations in paragraph 127 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 127 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

128.    The allegations in paragraph 128 purport to characterize the Magnuson-Stevens Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 128 that are contrary to the plain language and intent of the Magnuson-Stevens Act are denied.

129.    The allegations in paragraph 129 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 129 are denied.

130.    The responses to paragraphs 1-129 are incorporated here by reference.

131.    The allegations in paragraph 131 purport to characterize The Constitution of the United States which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 131 that are contrary to the plain language and intent of The Constitution are denied.

132.    The allegations in paragraph 132 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 132 are denied.

133.    The responses to paragraphs 1-132 are incorporated here by reference.

134.    The allegations in paragraph 134 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 134 are denied.

135.    The allegations in paragraph 135 purport to characterize the Regulatory Flexibility Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 135 that are contrary to the plain language and intent of the Regulatory Flexibility Act

are denied.

136.    The allegations in paragraph 136 purport to characterize the Regulatory Flexibility Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 136 that are contrary to the plain language and intent of the Regulatory Flexibility Act are denied.

137.    The allegations in paragraph 137 purport to characterize the Regulatory Flexibility Act which speaks for itself and is the best evidence of its content.  Any allegations in paragraph 137 that are contrary to the plain language and intent of the Regulatory Flexibility Act are denied.

138.    The allegations in paragraph 138 are conclusions of law to which no response is required.  To the extent that a response is required, the allegations in paragraph 138 are denied.

## PRAYER FOR RELIEF

The remainder of the First Amended Complaint constitutes Plaintiff's request for relief, to which no response is required.  To the extent further response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendant denies any allegations of the First Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

Dated: December 14, 2007                    Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division
JEAN WILLIAMS, Chief
LISA L. RUSSELL,  Assistant Chief

-28-

      /s/ Meredith L. Flax

MEREDITH L. FLAX, Trial Attorney
D.C. Bar No. 468016
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0404
Facsimile: (202) 305-0275
meredith.flax@usdoj.gov

Attorneys for Federal Defendant